UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH CHRISTNER and
WAYNE CHRISTNER,

    Plaintiffs,

v.

Case No. 10-10762
Hon. Lawrence P. Zatkoff

WAL-MART STORES EAST, L.P.,

    Defendant.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 24, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' motion to change venue or alternatively return to state court [dkt 11]. Defendant has responded to the motion, and the time period for Plaintiff to file a reply brief has elapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiffs' motion is DENIED.

**II. BACKGROUND**

Plaintiffs originally filed this case in the Genesee County Circuit Court, alleging that Defendant negligently maintained its Burton, Michigan, retail store by not removing standing liquid

in an aisleway. Plaintiff Judith Christner avers that she slipped on the liquid, which caused her to fall. According to Plaintiffs, Plaintiff Judith Christner suffered severe back injuries as a result of the fall. In addition, Plaintiff Wayne Christner alleges that he has incurred damages due to his wife's injuries, including losses of support, companionship, and consortium.

Defendant timely removed this case to federal court based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Plaintiffs now move for a change of venue or to remand to state court.

### III. LEGAL STANDARD

To avoid an order of remand where jurisdiction is based on the diversity of the parties, a removing defendant must prove that the plaintiff's damages will more likely than not exceed the jurisdictional minimum of $75,000. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). To do so, the Court must consider the complaint at the time of removal. *See id.*

### IV. ANALYSIS

**A. Venue**

Plaintiffs first assert that Port Huron, Michigan, is an improper venue because no parties or witnesses reside in Port Huron, and because such venue will "cause unnecessary expense, inconvenience, and undue burden and/or hardship to Plaintiffs." Pls.' Mot. at 2. Plaintiffs ask the Court to transfer this matter to the Flint Divisional Office.

The Eastern District of Michigan is divided into a Northern Division and a Southern Division, and Genesee County is located in the Southern Division. *See* E.D. Mich. L.R. 83.10. Cases arising out of Genesee County are randomly assigned to one of four "holding courts" (located in Detroit, Ann Arbor, Flint, and Port Huron) within the Southern Division. *See* E.D. Mich. L.R. 83.10(a)–(b). Reassignment of cases within the Eastern District of Michigan is permitted only in

2

certain circumstances and only by court order. *See* E.D. Mich. L.R. 83.11(b). The Local Rules do not contemplate reassignment based solely on the parties' convenience and/or increased costs. *See Hence v. Smith*, No. 97-40461, 2007 WL 2390832, at *1 (E.D. Mich. Aug. 22, 2007).

After being removed to federal court, this case was randomly assigned to the undersigned at the Port Huron Divisional Office. Thus, the proper procedures were followed, and Plaintiffs have not advanced a valid reason for reassignment. Plaintiffs' request to transfer venue to the Flint Divisional Office is therefore denied, and the Court is confident that the scenery and tranquility of Port Huron will greatly outweigh any inconvenience or burden that Plaintiffs will suffer.

**B. Remand**

Plaintiffs alternatively request that the Court remand this matter to the Genesee County Circuit Court, arguing that their complaint does not contemplate an award in excess of $75,000. Defendant contends that the nature of Plaintiffs' claims indicate that damages would exceed $75,000 if Defendant is found to be liable.

The Court first notes that Plaintiffs have not complied with the applicable Local Rule for this type of challenge. Local Rule 81.1(d) mandates that, when filing a motion to remand based on the amount-in-controversy requirement, "the plaintiff *must* include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate." (emphasis added). Plaintiffs have not provided any such signed statement.

Moreover, considering the merits of Plaintiffs' claims, the Court finds that it is more likely than not that Plaintiffs' damages would exceed $75,000 if Defendant is found liable for Plaintiffs'

3

injuries. Plaintiff Judith Christner alone alleges that she has suffered serious and permanent back injuries, and she seeks damages for pain and suffering, lost earnings and earning capacity, and medical expenses. It is more likely than not that the combination of such claims, if successful, would result in a verdict of greater than $75,000. *See Journigan v. The Medical Team*, No. 09-11090, 2009 WL 1600712, at *1 (E.D. Mich. June 8, 2009) ("When a Plaintiff files suit seeking compensatory damages, exemplary damages, damages for emotional distress and attorney fees and costs, such that it appears from the face of the complaint that damages would exceed $75,000, removal is appropriate . . . ."); *see also Hayes*, 266 F.3d at 573 (affirming that amount-in-controversy was met based on a "fair reading" of the complaint).

Plaintiffs' contentions are further undermined by a letter sent from Plaintiffs' counsel to Defendant's counsel, which Defendant has attached as an exhibit to its response. In the letter, Plaintiffs' counsel intimates that "I believe Mrs. Christner's claim is worth over $100,000.00, and I am standing by that figure." *See* Def.'s Resp. Ex. A. As this letter was sent prior to removal, the Court finds it is properly considered as evidence of the value of Plaintiffs' claims. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (affirming denial of motion to remand and noting that the plaintiff demanded $160,000 to settle a slip-and-fall case); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 915 (W.D. Mich. 2009) (refusing to consider *post*-removal settlement offers because post-removal events are not to be considered when determining jurisdiction).

The Court finds that (1) Plaintiffs' motion violates E.D. Mich. L.R. 81.1(d); and (2) on the face of the complaint, it is more likely than not that Plaintiffs' damages will exceed $75,000 if Defendant is determined to be liable for Plaintiffs' injuries. Therefore, the Court concludes that this

4

matter was properly removed, and it will deny Plaintiffs' motion to remand.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' motion to change venue or alternatively return to state court [dkt 11] is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290